**MARTIN D. SINGER (BAR NO. 78166)**
mdsinger@lavelysinger.com
**LINDSAY D. MOLNAR (BAR NO. 275156)**
lmolnar@lavelysinger.com
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California  90067-2906
Telephone:  (310) 556-3501
Facsimile:  (310) 556-3615

Attorneys for Plaintiff JEFFREY DUNHAM,
TRUSTEE OF THE JEFF DUNHAM TRUST
DATED MARCH 24, 2010

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JEFFREY DUNHAM, TRUSTEE OF THE JEFF DUNHAM TRUST DATED MARCH 24, 2010, <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY HORN, an individual, <br><br> Defendant. <br> _____ | Case No.: <br><br> **COMPLAINT FOR:** <br> 1. **FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);** <br> 2. **TRADEMARK AND TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(A));** <br> 3. **COPYRIGHT INFRINGEMENT;** <br> 4. **STATE TRADEMARK INFRINGEMENT;** <br> 5. **UNFAIR COMPETITION (CAL. BUS. & PRO. CODE § 17200);** <br> 6. **FEDERAL TRADEMARK AND TRADE DRESS DILUTION (15 U.S.C. § 1125(C)); AND** <br> 7. **TRADEMARK AND TRADE DRESS DILUTION (CAL. BUS. & PROF. CODE § 14247)** <br><br> **DEMAND FOR JURY TRIAL** |

5671-2\PLE

COMPLAINT

Plaintiff JEFFREY DUNHAM, TRUSTEE OF THE JEFF DUNHAM TRUST DATED MARCH 24, 2010 ("Plaintiff"), by and through his undersigned counsel, for his complaint against Defendant Anthony Horn ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for federal trademark infringement in violation of 15 U.S.C § 1114(1)(a); false designation of origin, trademark and trade dress infringement under 15 U.S.C. § 1125(a); state trademark and trade dress infringement and unfair competition in violation of California Business & Professions Code §§ 17200 *et seq.* and 17500 *et seq.*; federal and state trademark and trade dress dilution; copyright infringement under 17 U.S.C. § 501; and to enjoin Defendant's future infringement.

## THE PARTIES

2.     Plaintiff resides, and at all times relevant hereto has resided, in the County of Los Angeles, State of California.  Plaintiff is the Trustee of The Jeff Dunham Trust Dated March 24, 2010 (the "Trust"), which is a trust organized according to California law. The situs of the Trust is within this District.

3.     Plaintiff is informed and believes and based thereon alleges that Defendant is an individual residing in the State of Maryland, and conducts business in this District.

## JURISDICTION

4.     Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 17 U.S.C. § 501 (actions arising under the Copyright Act); 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), and § 1338(a) (actions arising under an Act of Congress relating to copyrights and trademarks).

5.     This Court has personal jurisdiction over Defendant because Defendant has conducted and, upon information and belief, continues to conduct, business in California and in this judicial district.  Upon information and belief, Defendant has transacted and continues to transact business in the United States and in this judicial

district by: using or causing to be used; making; importing or causing to be imported; offering to sell or causing to be offered for sale; and/or selling or causing to be sold directly, a variety of products that infringe Plaintiff's copyrights and trademarks to customers in the United States, and infringes Plaintiff's trademark and copyrights, with sales to customers in this judicial district, and Defendant will continue to do so unless enjoined by this Court.

6.     This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of California pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiff's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

## VENUE

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a) because a substantial part of the events giving rise to Plaintiff's claims occurred herein.

## FACTS COMMON TO ALL CLAIMS

**A.    Plaintiff's Valuable Intellectual Property for The Famous Ventriloquist Dummy "Walter."**

8.     Jeff Dunham ("Dunham") is an extremely popular and well-known ventriloquist, producer, and stand-up comedian who has appeared with his ventriloquist dummies (including "Walter") on numerous television shows (including, but not limited to, *The Jeff Dunham Show, Late Show with David Letterman*, and *The Tonight Show*) and standup specials that have been televised and released on home video (including, but not limited to, *Spark of Insanity, Arguing with Myself, Jeff Dunham's Very Special Christmas Special, Controlled Chaos, Minding the Monsters,* and *All Over the Map*).

9.     During his shows, Dunham is known for his clever antics with a cast of ventriloquist dummies that he created, some of which have developed backstories and diverse personalities that have unique interactions with Dunham.

COMPLAINT

10.     One of Dunham's well-known ventriloquist dummies is "Walter."

11.     "Walter" is a character that was created by Dunham and is widely recognized all over the world.  "Walter" appears on-stage with Dunham as part of his lives performances.

12.     An image of "Walter" is depicted below:



13.     In or around 1987, Dunham created the "Walter" ventriloquist dummy himself, including both the initial sculpture and the silicone mold.

14.     Dunham has taken a number of steps to protect "Walter," including, but not limited to protecting "Walter's" name and overall appearance.  "Walter's" image and voice are used in a wide variety of copyrighted and trademarked merchandise.

15.     On May 19, 2010, Dunham filed an application with the United States Patent & Trademark Office to register the trademark "WALTER" in Class 028 for

3

"talking dolls and plastic dolls."   The mark was registered on November 2, 2010 (Reg. No. 3,870,714) and, on March 6, 2015, was assigned to Plaintiff, along with all rights to enforce the Walter Mark.  Attached hereto as **Exhibit "A"** is a true and correct copy of the registration for "WALTER" (along with common law trademark rights, hereinafter referred to as the "Walter Mark").

16.    For decades, the Walter Mark has been continuously used in commerce and there has been, and continues to be, widespread marketing efforts to promote the Walter Mark.

17.    Dunham has also gone to great lengths to protect "Walter's" unique three-dimensional appearance.

18.    On June 14, 2010, Dunham was granted a copyright (U.S. Copyright Registration No. VAu 1-081-315) for the 3D artwork and sculptural design of the "Walter" ventriloquist dummy (hereinafter, the "Walter Copyright").  This copyright includes the overall three-dimensional design of "Walter."  Attached hereto as **Exhibit "B"** is a true and correct copy of the Copyright Registration Certificate for "Walter."

19.    On March 6, 2015, the Walter Copyright, including all rights to enforce the Walter Copyright, was assigned to Plaintiff.

20.     "Walter's" appearance also incorporates protectable trade dress that includes his standard bow tie, sweater vest, buttoned down, long-sleeved shirt, beige pants and black shoes (hereinafter, the "Walter Trade Dress").

21.    Plaintiff has continuously advertised, distributed and sold merchandise that incorporates the Walter Mark, the Walter Copyright and the Walter Trade Dress (collectively, the "Walter IP"), through a wide variety of distribution channels, including but not limited to through retail stores, his website at www.store.jeffdunham.com and at his live shows.

22.    Prior to the events giving rise to this Complaint, and continuing to the present, Plaintiff has spent a great amount of time, money and effort in the extensive promotion and advertisement of his "Walter" character and other products

incorporating the Walter IP. For example, Plaintiff promotes and sells a full line of "Walter" merchandise through his website, which includes, but is not limited to, books, talking bobble heads, plush dolls, stickers, masks, Christmas ornaments, and clothing.

23. In addition to merchandise, "Walter" has appeared with Dunham on stage for *thousands* of live shows for the past 25 years, reaching an audience of millions of people. "Walter" has also appeared in various YouTube videos, sitcoms, DVDs and telecasts. For instance, "Walter" appeared in Dunham's *A Very Special Christmas Special* that was the most-watched telecast in Comedy Central history, with its DVD selling over 400,000 units in its first two weeks.

24. Through substantial financial investment and effort, the Walter IP has developed considerable good will and brand recognition.

25. Due to the long-term and widespread promotion and usage of the Walter Mark and the Walter Trade Dress, each mark has become famous among the consuming public and trade, and is recognized as identifying and distinguishing Plaintiff as the exclusive and unique source of products sold under the Walter Mark and Walter Trade Dress.

**B. Defendant's Wrongful Acts of Manufacturing and Selling Unauthorized "Walter" Replicas.**

26. Defendant has engaged in the manufacturing, advertising, marketing, distribution, offer for sale, and sale of ventriloquist dummies that are substantially identical to "Walter" and that incorporate the Walter IP (the "Infringing Product"). A true and correct copy of Defendant's Facebook Page showing the Infringing Product is attached hereto as **Exhibit "C."**

27. Below is an example of one of Defendant's replica "Walter" ventriloquist dummies that was offered for sale by Defendant on eBay:

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15
16
17

28.    On information and belief, Defendant is aware of "Walter," the Walter Mark, the Walter Copyright, and the Walter Trade Dress.

18
19
20

29.    Notwithstanding his knowledge, on information and belief, Defendant has set upon a course of conduct to misappropriate Plaintiff's rights in the Walter IP, namely, the manufacture and sale of replica "Walter" ventriloquist dummies to consumers throughout the United States without Plaintiff's authorization.

21
22
23
24
25

30.    Indeed, on June 8, 2014, when advertising his newest dummy for sale on Facebook, Defendant urged the Facebook community to "compare his figure to "Walter."  A true and correct copy of this Facebook post is attached hereto as **Exhibit "D."**   Thus, Defendant openly acknowledges that the Infringing Product is substantially similar to (and intended to be a replica of) Plaintiff's "Walter."

26
27
28

31.    On January 13, 2015, Plaintiff's attorneys contacted Defendant to demand that he cease and desist from manufacture, promotion, advertising, distribution, sale

_____

COMPLAINT

and any other exploitation of any and all ventriloquist dummies bearing any resemblance to "Walter." A true and correct copy of the foregoing demand letter is attached hereto as **Exhibit "E."**

32. Defendant did not respond to Plaintiff's cease and desist letter.

33. Upon information and belief, Defendant continues to manufacture, offer for sale, and sell the Infringing Product, charging upwards of anywhere from $350-$1,000 per Infringing Product.

34. In fact, in at least one instance, Defendant has continued to sell the Infringing Product despite eBay removing at least one of his listings of the Infringing Product due to *infringement*. A true and correct copy of this removed yet reposted listing is attached hereto as **Exhibit "F."**

35. Even after Plaintiff's cease and desist demand and notice of infringement from eBay, Defendant continued to manufacture the Infringing Product and, on or around June 23, 2015, sold the Infringing Product to at least one consumer in this District. A true and correct copy of a receipt for the sale of an Infringing Product sold and shipped to a consumer in this District is attached hereto as **Exhibit "G."**

36. Plaintiff never authorized Defendant to use its Walter IP, including the Walter Mark, Walter Copyright and Walter Trade Dress. Defendant has acted with willful and intentional disregard of Plaintiff's copyrights and trademarks and Plaintiff has sustained substantial damage as a result thereof.

## FIRST CLAIM FOR RELIEF

### (*Federal Trademark Infringement, 15 U.S.C. § 1114*)

37. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 36, inclusive, of this Complaint as if fully set forth herein.

38. Plaintiff's Walter Mark is distinctive, has been used throughout the United States and worldwide, and is well known to the trade and members of the purchasing public. The public generally associates and identifies the Walter Mark with Plaintiff.

COMPLAINT

39.    Defendant has used and continues to use in commerce a reproduction, copy, or colorable imitation of Plaintiff's Walter Mark in connection with the sale, offering for sale, distribution, or advertising of goods, namely ventriloquist dummies, on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

40.    The aforesaid conduct of Defendant is without the consent or permission of Plaintiff.

41.    As a result of Defendant's acts, Plaintiff has suffered and continues to suffer monetary damages in an amount which cannot be accurately computed at this time but will be proven at trial.

42.    Plaintiff is entitled to injunctive relief because the conduct of Defendant has caused and will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law.

43.    This case qualifies as an "exceptional case" within the meaning of 15 U.S.C. § 1117(a) in that Defendant's acts were malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights.

44.    Plaintiff is entitled to recover treble damages under the Lanham Act.

45.    Plaintiff is entitled to the disgorgement of Defendant's profits under the Lanham Act.

46.    Plaintiff is entitled to recover its attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF

### (Trademark and Trade Dress Infringement, False Designation of Origin and False Advertising Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

47.    Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 46, inclusive, of this Complaint as if fully set forth herein.

COMPLAINT

48.    Plaintiff's Walter Mark and the Walter Trade Dress are distinctive, have been used throughout the United States and worldwide, and are well known to the trade and members of the purchasing public.  The public generally associates and identifies the Walter Mark and Walter Trade Dress with Plaintiff.

49.    Defendant has used the Walter Mark and Walter Trade Dress to advertise and sell his unauthorized Infringing Product.

50.    Defendant's distribution, advertisement, sale, offer for sale, and/or other use of the Infringing Product bearing Plaintiff's Walter Mark and Walter Trade Dress constitutes false designation of origin or sponsorship of said products and tends falsely to represent that said item originates from Plaintiff or has been sponsored, approved, or licensed by Plaintiff or is in some way affiliated or connected with Plaintiff. Such conduct of Defendant is likely to confuse, mislead, and deceive Defendant's customers, purchasers, and members of the public as to the origin of said Walter Mark and Walter Trade Dress or cause said persons to believe that Defendant's infringing items and/or Defendant has been sponsored, approved, authorized, or licensed by Plaintiff or are in some way affiliated or connected with Plaintiff, all in violation of 15 U.S.C. § 1125(a).

51.    Defendant's actions were done willfully with full knowledge of the falsity of such designations of origin and false descriptions or representations, and with the express intent to cause confusion, and to mislead and deceive the purchasing public.

52.    Plaintiff has no adequate remedy at law.  Plaintiff is entitled to injunctive relief because the conduct of Defendant described above, has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in his trademarks, and to the businesses, reputation, and goodwill of Plaintiff.

53.    Plaintiff has been damaged by, and Defendant has profited from, Defendant's wrongful conduct in an amount to be proven at trial.

54.    Plaintiff is entitled to recover treble damages under the Lanham Act.

55.     Plaintiff is entitled to the disgorgement of Defendant's profits under the Lanham Act.

56.     Plaintiff is entitled to recover its attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## THIRD CLAIM FOR RELIEF

### (*Copyright Infringement, 17 U.S.C. § 501*)

57.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 36, inclusive, of this Complaint as if fully set forth herein.

58.     Upon information and belief, long after the creation, adoption and use of the Walter Copyright, and after U.S. Copyright Reg. No. VAu 1-081-315 was issued, Defendant adopted and used the likenesses of the Walter Copyright as fully set forth in **Exhibit "B"** attached hereto, without Plaintiff's consent, by distributing, advertising, selling, and/or offering for sale the Infringing Product.

59.     Defendant has caused the Infringing Product to enter into commerce and/or to be transported or used in commerce. Defendant is not authorized by Plaintiff, or any authorized agent of Plaintiff, to distribute, advertise, sell, or offer for sale the Infringing Product.

60.     Dunham, and subsequently Plaintiff, has complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the Walter Copyright, and in compliance with the law has received from the Register of Copyrights the appropriate certificate of registration, which constitutes *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate.

61.     Defendant has infringed the Walter Copyright by manufacturing, distributing, selling, and/or offering for sale, without Plaintiff's consent, the Infringing Product which copies or bears a substantial similarity to the Walter Copyright.

62.     Upon information and belief, Defendant engages and continues to engage in conduct which is done willfully and with knowledge of Plaintiff's Walter Copyright.

COMPLAINT

63.     Plaintiff is entitled to recover from Defendant the amount of his actual damages incurred as a result of the infringement under 17 U.S.C. § 504(b), in an amount to be proven at trial.

64.     Alternatively, Plaintiff is entitled to recover statutory damages under 17 U.S.C. § 504(c)

65.     Defendant is currently engaged in such use and unless enjoined by this Court will continue such use.   As such, Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding all infringing materials pursuant to 17 U.S.C. § 503.  Plaintiff has no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a) Plaintiff's copyright is unique and a valuable asset whose market value is impossible to assess, (b) Defendant's infringement harms Plaintiff such that Plaintiff could not be made whole by any monetary award, and (c) Defendant's wrongful conduct, and the resulting damages to Plaintiff, is continuing.

66.     Plaintiff is also entitled to recover his attorneys fees and costs of suit pursuant to 17 U.S.C. § 505.

## FOURTH CLAIM FOR RELIEF

### (*State Trademark Infringement, Cal. Bus. & Prof. Code § 17500 et seq.*)

67.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 56, inclusive, of this Complaint as if fully set forth herein.

68.     Plaintiff is the owner of all right, title, and interest in and to the distinctive Walter Mark and the Walter Trade Dress, by virtue of his extensive use, advertisement, promotion and sale of various items, including, but not limited to, ventriloquist dummies, bearing such trademark and trade dress as set forth in the preceding paragraphs of this Complaint.

69.     The Infringing Products are replicas and imitations of Plaintiff's "Walter" character, and incorporate the Walter Mark and Walter Trade Dress. Such unauthorized use and/or contribution to such use by Defendant of Plaintiff's

11

trademarks and trade dress constitutes trademark infringement and unfair competition, and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the products and to cause purchasers to believe such products are authentic products of Plaintiff, when, in fact, they are not.

70.     Upon information and belief, Defendant intentionally appropriated the Walter Mark and the Walter Trade Dress with the intent of causing confusion, mistake, and deception as to the source of their goods and with the intent to palm off their goods as those of Plaintiff and to place others in the position to palm off their goods as those of Plaintiff, and as such, Defendant has committed trademark infringement and unfair competition under the common law.

71.     By such actions in infringing and/or contributing to infringement of the Walter Mark and Walter Trade Dress, Defendant is improperly trading upon the reputation and goodwill of Plaintiff and is impairing Plaintiff's valuable rights in and to such trademarks.

72.     As set forth above, upon information and belief, the activities of Defendant complained of herein constitute willful and intentional acts of infringement of the Walter Mark and the Walter Trade Dress and unfair competition.

73.     Plaintiff has no adequate remedy at law. The conduct of Defendant has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in his trademarks and to the businesses, reputation, and goodwill of Plaintiff.

74.     Plaintiff is also entitled to recover punitive damages pursuant to *Cal. Bus. & Prof. Code* § 14250(a).

### FIFTH CLAIM FOR RELIEF

### (*Unfair Competition, Cal. Bus. & Prof. Code § 17200 et seq.*)

75.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 74, inclusive, of this Complaint as if fully set forth herein.

///

COMPLAINT

76.    Defendant has committed acts of unfair competition, proscribed by Business and Professions Code § 17200 *et seq.*, including the practices and conduct referred to above. The above actions constitute unlawful, unfair, or fraudulent business acts or practices, and/or unfair, deceptive, untrue or misleading business practices.

77.    Plaintiff states, upon information and belief and thereupon alleges, that Defendant has intentionally appropriated the Walter IP with the intent of causing confusion, mistake, and deception as to the source of his goods with the intent to palm off his goods as those of Plaintiff and to place others in the position to palm off his goods as those of Plaintiff, and as such, Defendant has committed unfair competition under the common law and unfair competition pursuant to California Business and Professions Code sections 17200 *et seq.*

78.    As a result of Defendant's actions, Plaintiff has been, and continues to be, damaged.

79.    Plaintiff has no adequate remedy at law. The conduct of Defendant has caused and, if not enjoined, will continue to cause, Plaintiff irreparable harm and damage in his businesses, reputations, and good will.

80.    By reason of such wrongful acts, Plaintiff is and was, and will be in the future, deprived of, among others, the profits and benefits of business relationships, agreements, and transactions with various existing fans and/or prospective fans and customers. Defendant has wrongfully obtained said profits and benefits. Plaintiff is entitled to compensatory damages and disgorgement of Defendant's said profits, in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF

### *(Federal Trademark and Trade Dress Dilution, 15 U.S.C. § 1125(c))*

81.    Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 56, inclusive, of this Complaint as if fully set forth herein.

COMPLAINT

82.     The Walter Mark and the Walter Trade Dress are each distinctive and famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and were distinctive and famous prior to the date of Defendant's conduct alleged herein.

83.     Defendant's conduct is likely to dilute and is diluting the distinctive quality of the famous Walter Mark and Walter Trade Dress, in that Defendant's use is likely to create and have created an association between Defendant, the Walter Mark and Walter Trade Dress, which impairs the distinctiveness of those famous marks and lessens the capacity of those famous marks to identify and distinguish products marketed and sold by Plaintiff under those marks.

84.     On information and belief, Defendant's acts of trademark dilution have been done willfully and deliberately and Defendant has profited and been unjustly enriched by sales that Defendant would not otherwise have made but for his unlawful conduct.

85.     Plaintiff has no adequate remedy at law.  Plaintiff is entitled to injunctive relief because the conduct of Defendant described above, has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in his trademarks, and to the businesses, reputation, and goodwill of Plaintiff.

86.     Plaintiff has been damaged by, and Defendant has profited from, Defendant's wrongful conduct in an amount to be proven at trial.

87.     Plaintiff is entitled to recover treble damages under the Lanham Act.

88.     Plaintiff is entitled to the disgorgement of Defendant's profits under the Lanham Act.

89.     Plaintiff is entitled to recover its attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## SEVENTH CLAIM FOR RELIEF

### (Trademark and Trade Dress Dilution, Cal. Bus. & Prof. Code § 14247)

90.     Plaintiff incorporates by reference each and every allegation contained in

14

Paragraphs 1 through 56, and 81 through 89, inclusive, of this Complaint as if fully set forth herein.

91.    This claim is for dilution of trademarks and injury to business or reputation under section 14247 of the California Business and Professions Code.

92.    The Walter Mark and the Walter Trade Dress are famous in the State of California within the meaning of section 14247 of the California Business and Professions Code, and were famous prior to the date of Defendant's adoption and use of similar ventriloquist dummies.

93.    Defendant's conduct, as described above, is likely to diminish the public association of the Walter Mark and Walter Trade Dress with Plaintiff.

94.    Defendant's conduct, as described above, is likely to dilute and will dilute the distinctive quality of Plaintiff's famous Walter Mark and Walter Trade Dress by lessening the capacity of those marks to identify and distinguish products marketed and sold by Plaintiff under those marks.

95.    On information and belief, Defendant's acts of trademark dilution have been done willfully and deliberately and Defendant has profited and been unjustly enriched by sales that Defendant would not otherwise have made but for its unlawful conduct.

96.    Defendant's acts described above have caused injury and damages to Plaintiff, and have caused irreparable injury to Plaintiff's goodwill and reputation and, unless enjoined, will cause further irreparable injury, for which Plaintiff has no adequate remedy at law.

97.    Plaintiff is also entitled to recover punitive damages pursuant to *Cal. Bus. & Prof. Code* § 14250(a).

///

///

///

///

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

    1.    That Defendant, his agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with said Defendant, be immediately and permanently enjoined from:

    a.  distributing, advertising, offering for sale, or selling the Infringing Product;

    b.  directly or indirectly infringing and/or contributing to the infringement of the Walter Copyright, Walter Mark, or Walter Trade Dress in any manner, including generally, but not limited to manufacturing, distributing, advertising, selling, and/or offering for sale any merchandise, including ventriloquist dummies, which infringe the Walter Copyright, Walter Mark, or Walter Trade Dress, and specifically:

      i.  manufacturing, advertising, distributing, selling, and/or offering for sale said products or any other unauthorized items, which picture, reproduce, or utilize the likenesses of or which copy or bear a substantial similarity to the Walter Copyright, Walter Mark, or Walter Trade Dress; or

      ii.  manufacturing, advertising, distributing, selling, or offering for sale or in connection thereto any unauthorized promotional materials, which picture, reproduce, or utilize the likenesses of, or which bear substantial similarity to Walter Copyright, Walter Mark, or Walter Trade Dress; or

      iii.  engaging in any conduct and/or contributing to any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, Defendant's customers, and/or members of the public to believe that the actions of Defendant, the products sold by Defendant, or Defendant himself is connected with Plaintiff, are sponsored,

COMPLAINT

approved, or licensed by Plaintiff, or are in some way connected or affiliated with Plaintiff;

iv. affixing, applying, annexing and using in connection with the manufacture, distribution, advertisement, sale, and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiff;

v. otherwise competing unfairly with Plaintiff in any manner;

vi. destroying or otherwise disposing of:

    a. merchandise falsely bearing Plaintiff's Walter Copyright, the Walter Mark and/or the Walter Trade Dress, including the Infringing Product;

    b. any other items which reproduce, copy, counterfeit, imitate, dilute, or bear any of Plaintiff's trademarks, trade names, logos, or designs, or which picture, reproduce, dilute, or utilize the likenesses of or copy or bear a substantial similarity to the Walter Copyright, the Walter Mark, and/or the Walter Trade Dress;

    c. any promotional and advertising material labels, packages, wrappers, containers, and any other unauthorized items which reproduce, copy, counterfeit, imitate, dilute, or bear any of Plaintiffs' trademarks, trade names, logos, or designs, or which picture, reproduce, or utilize the likenesses of or copy or bear a substantial similarity to the Walter Copyright, the Walter Mark, and/or the Walter Trade Dress;

    d. any molds, screens, patterns, or plates used specifically for making or manufacturing products bearing the Walter Copyright, or which picture, reproduce, or utilize the likenesses

17

of or copy or bear a substantial similarity to the Walter Copyright;

2.      That Plaintiff be awarded damages for Defendant's copyright infringement as: (i) Defendant's profits derived from their unlawful infringement of the Walter Copyright; or (ii) statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. § 504, at Plaintiff's election before the entry of a final judgment;

3.      That Defendant account for and pay over to Plaintiff all damages sustained by Plaintiff and profits realized by Defendant by reason of Defendant's unlawful acts herein alleged and that those profits be increased as provided by law;

4.      That this is an exceptional case pursuant to 15 U.S.C. § 1117, because of the willful and deliberate nature of Defendant's act of trademark and trade dress infringement, trademark and trade dress dilution, false designation of origin, and unfair competition, and

5.      That Plaintiff recover reasonable attorneys' fees in accordance with 17 U.S.C. §505;

6.      That Plaintiff recover reasonable attorneys' fees in accordance with 15 U.S.C. § 1117;

7.      That Plaintiff recover exemplary damages and punitive damages pursuant to *Cal. Bus. & Prof. Code* § 14250(a);

8.      That Defendant, within thirty days after the service of the judgment herein, be required to file with this Court and serve upon Plaintiff's attorneys, a written report under oath setting forth in detail the manner in which they have complied with the judgment;

9.      Prejudgment and post-judgment interest; and

///

///

///

COMPLAINT

1      10.    That the Court grant Plaintiff such other and further relief as it deems just

2   and equitable to make Plaintiff whole for the damage caused by Defendant.

3   Dated: July 6, 2015                    LAVELY & SINGER

4                                          PROFESSIONAL CORPORATION
                                           MARTIN D. SINGER
5                                          LINDSAY D. MOLNAR

6

7

8                                          By:  ____/s/ Lindsay D. Molnar_____

9                                                LINDSAY D. MOLNAR
                                                 MARTIN D. SINGER
10

11                                         Attorneys for Plaintiff JEFFREY
                                           DUNHAM, TRUSTEE OF THE JEFF
12                                         DUNHAM TRUST DATED MARCH
                                           24, 2010
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

## JURY DEMAND

Plaintiff Jeffrey Dunham as Trustee of The Jeff Dunham Trust Dated March 24, 2010, respectfully requests a jury trial on all issues triable set forth in this Complaint.

Dated: July 6, 2015

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
LINDSAY D. MOLNAR


By:   ___/s/ Lindsay D. Molnar_____
        LINDSAY D. MOLNAR
        MARTIN D. SINGER

Attorneys for Plaintiff JEFFREY DUNHAM, TRUSTEE OF THE JEFF DUNHAM TRUST DATED MARCH 24, 2010

COMPLAINT